PETER CONREY *v.* HIS CREDITORS — DUPONT DE NEMOURS & Co.—
Opponents.

All the creditors of an insolvent, privileged as well as ordinary, should be made parties to the tableau, and accordingly notified. In a *concurso*, all the creditors of the insolvent are considered as plaintiffs and defendants, and their respective claims, whether privileged, mortgage or ordinary, must be settled contradictorily on a tableau of distribution. A separate tableau among a particular class of creditors cannot be viewed but as irregular, and not sanctioned by law.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Durant & Hornor*, for the opponents and appellants. *E. A. Bradford*, for the syndic.

OGDEN, J., (CAMPBELL, J., absent.) On the 28th of October, 1852, the syndic of the creditors of the insolvent filed a tableau of distribution, showing the sum of $110,100 90, cash on hand. The claims classed as privileges and mortgages amount to the sum of $85,370 73, leaving a balance of $8,973 17, for the ordinary creditors. The tableau also exhibits a list of notes, the proceeds of sales of real estate, purporting to be for the benefit of the general creditors. The names of the ordinary creditors are not specified in the tableau.

*J. E. Dupont de Nemours & Co.* opposed the tableau, on the ground that they were not placed thereon as ordinary creditors for the amount of a judgment obtained by them against the insolvent, and as privileged creditors for the costs.

The opposition was dismissed by the Court below, chiefly on the ground that the tableau did not purport to make a distribution of funds among the ordinary creditors, but merely exhibited a balance of cash and notes on hand to be thereafter distributed among them.

We think the Court below erred. Under the act of 1837, the duties of syndics are explicitly prescribed. Whenever any funds come into his hands as such, he is required to make a tableau of distribution, containing the names of the several creditors of the insolvent debtor, the sums due them respectively, and the amount to be distributed among them, either as privileged, mortgage, or ordinary creditors. It was, therefore, essential that all the creditors of the insolvent, privileged as well as ordinary, should have been made parties to the tableau, and accordingly notified. In a *concurso*, all the creditors of the insolvent are considered as plaintiffs and defendants, and their respective claims, whether privileged, mortgage, or ordinary, must be settled contradictorily on the tableau of distribution. A separate tableau of distribution among a particular class of creditors, therefore, cannot be viewed otherwise than as irregular, and not sanc-

tioned by law.  4 N. S. 632, 640.    7 *ibid* 131, 455.    1 L. 172.    9 R. 42.    9 L.
387.    14 L. 237, 250.    2 An. 451.    4 *ibid* 195.

Although we consider that the opponents were entitled to be placed on the
tableau as ordinary creditors for the amount of their claim, yet we are not pre-
pared to say that they were entitled to be paid out of the funds reserved by the
syndic.  We think the Court below should have ordered the tableau to be
amended by inserting thereon the names of all the ordinary creditors, and the
sums due them respectively.  As all the creditors on the bilan are parties to the
*concurso*, it appears to us the syndic is bound to notice their claims.  Had this
been done, it would have met the requirements of the law, and the injury ap-
prehended by the Court below, in considering the other ordinary creditors as
third persons, would not have resulted.

It is, therefore, ordered, adjudged and decreed that the judgment of the Court ·
below be reversed ; that the opponents be placed on the tableau, as ordinary
creditors, for the amount of their judgment, and as privileged creditors for the
costs of suit recovered by said judgment ; that the tableau be amended by
inserting therein the names of all the creditors, and the sums due them respect-
ively, as required by law ; and that new publication be made.  It is further
ordered that the costs of opposition be borne by the estate.